**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

KAREN MULDOWNEY, *individually and on behalf of all those similarly situated*,

                               **Plaintiff,**

    vs.                                                  5:18-cv-01061
                                                          (MAD/ATB)

MERIT RECOVERY SYSTEMS, INC.,

                               **Defendant.**

---

**APPEARANCES:**                                     **OF COUNSEL:**

**BARSHAY SANDERS, PLLC**                 **CRAIG B. SANDERS, ESQ.**
100 Garden City Plaza, Suite 500           **DAVID MICHAEL BARSHAY, ESQ.**
Garden City, New York 11530
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On September 4, 2018, Karen Muldowney ("Plaintiff") commenced this action alleging that Merit Recovery Systems, Inc. ("Defendant") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See* Dkt. No. 1. Currently before the Court is Plaintiff's motion for default judgment against Defendant brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 12. Defendant has not filed an answer or otherwise appeared in this action.

### II. BACKGROUND

The Court has taken the facts set forth below from Plaintiff's complaint and attached exhibits. Plaintiff is a "consumer" as defined in the FDCPA. *See* Dkt. No. 1 at ¶ 6. Defendant is

a New York Corporation with a principal place of business in Onondaga County, New York, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *See* Dkt. No. 1 at ¶¶ 7-9.

According to the complaint, Defendant claims that Plaintiff owes a debt and that she fell behind on payments for the debt related to personal medical services (the "Debt"). *See id.* at ¶¶ 11-13. In an attempt to collect that Debt, Defendant sent Plaintiff a letter dated May 8, 2018 ("Letter"), an initial "communication" as defined by 15 U.S.C. § 1692a(2). *Id.* at ¶¶ 14-16. The May 8, 2018 letter listed an amount of $65.00 due to Crouse Hospital, and included a debtor number. *See* Dkt. No. 1-1. The body of the letter reads as follows:

> YOUR ACCOUNT WITH THE CLIENT LISTED ABOVE HAS BEEN TURNED OVER TO OUR OFFICES FOR IMMEDIATE HANDLING. WE HAVE BEEN AUTHORIZED TO WORK WITH YOU DIRECTLY TO RESOLVE THIS OBLIGATION. THIS ACCOUNT IS SERIOUSLY PAST DUE ...
>
> UNLESS YOU NOTIFY THIS OFFICE IN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING IN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL IT TO YOU. WE WILL ALSO PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*Id.* at 1. Additionally, the letter included a space where the debtor could fill out his or her credit card information to make payment.

On September 4, 2018, Plaintiff filed a class action complaint against Defendant alleging that Defendant's communication violated the FDCPA. *See* Dkt. No. 1. Specifically, Plaintiff

contends that the letter violates 15 U.S.C. § 1692g(a)(5), in that it fails to notify the consumer that, unless the following information is contained in the initial communication or the consumer has paid the debt, it will "send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." Dkt. No. 1 at ¶ 19.

After Defendant failed to respond to the complaint, Plaintiff filed a Request for Clerk's Certificate of Entry of Default. *See* Dkt. No. 8. On November 28, 2018, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a default against Defendant for failure to plead, answer, or otherwise defend. *See* Dkt. No. 9. Plaintiff now seeks default judgment individually and on behalf of all others similarly situated. *See* Dkt. No. 12.

### III. DISCUSSION

**A.      Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Carpineta*, No. 3:14-CV-0517, 2015 WL 500815, *1 (N.D.N.Y. Feb. 5, 2015) (quotation omitted). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); Fed. R. Civ. P. 55(a). "Second, under Fed. R. Civ. P. 55(b)(1), '[u]pon request of the plaintiff, a default judgment may be entered by the clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear.'" *Id.*

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

When seeking a default judgment, the Local Rules require the party to submit an affidavit attesting to the following:

> 1. The party against whom it seeks judgment is not an infant or an incompetent person;
>
> 2. The party against whom it seeks judgment is not in the military service, or if unable to set forth this fact, the affidavit shall state that the party against whom the moving party seeks judgment by default is in the military service or that the party seeking a default judgment is not able to determine whether or not the party against whom it seeks judgment by default is in the military service;
>
> 3. The party has defaulted in appearance in the action; [and]

4

> 4. Service was properly effected under Fed. R. Civ. P. 4. . . .

N.D.N.Y. L.R. 55.2(a).

In the present matter, the Court finds that Plaintiff complied with the procedural requirements necessary for the Court to grant the motion for default judgment. Specifically, Plaintiff affirmed that Defendant is not an infant or an incompetent person and that he is not in military service. *See* Dkt. No. 8. Further, Defendant was properly served in accordance with Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6.

**B.      Application**

To permit a court to enter default judgment "'there must be a sufficient basis in the pleadings for the judgment entered.'" *Ortiz v. Lasker*, 590 F. Supp. 2d 423, 425 (W.D.N.Y. 2008) (quotation and other citations omitted). "The Court takes the well-pleaded factual allegations in the non-defaulting party's complaint as true, except as to the amount of damages." *Televideo Sys., Inc. V. Heidenthal*, 862 F.2d 915, 917–18 (9th Cir.1987). Plaintiff brings this action pursuant to 15 U.S.C. § 1692, *et seq.*, contending that Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to communicate certain information as required by FDCPA. *See* Dkt. No. 1 at 2. "[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "Under this standard, 'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir.2012) (quoting *Clomon*, 988 F.2d at 1319)).

The FDCPA requires, among other things, that

> [w]ithin five days after the initial communication with a consumer
> in connection with the collection of any debt, a debt collector shall,

5

> unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(5).

As an initial matter, it is noted that Plaintiff's submissions are of little assistance. The majority of the argument provided is directed largely to the reasons why Plaintiff's counsel should be awarded attorneys' fees at an hourly rate higher than those usually awarded in the Northern District. *See* Dkt. No. 12-1 at 9-15. While Plaintiff has parroted the statutory language and alleged that the letter at issue was confusing and constitutes a violation of the FDCPA, she has not provided any caselaw supporting her position.

Further, the Court notes that a nearly identical action to the present matter was filed on the same day and assigned to Judge Hurd. *See Muldowney v. Merit Recovery Sys., Inc.*, No. 5:18-cv-1057 (N.D.N.Y.). In that case, the plaintiff, Matthew Muldowney, received identical letters to those at issue in the present matter also alleging a debt owed to Crouse Hospital. When the defendant failed to answer or otherwise appear, the plaintiff moved for default judgment. In a recent Memorandum-Decision and Order, Judge Hurd had the following to say about the merits of that case: "The Court would be remiss not to share its skepticism regarding plaintiff's version of the 'least sophisticated consumer.' The Court questions whether such a consumer could seriously be confused by these two letters, both of which include the information required to be in a validation notice pursuant to § 1692g(a). After all, even the least sophisticated consumer is not 'a dolt.'" *Muldowney v. Merit Recovery Sys., Inc.*, No. 5:18-cv-1057, 2019 WL 2024760, *4 (N.D.N.Y. May 8, 2019) (quotation omitted). Despite these reservations, Judge Hurd ultimately granted the motion for default judgment.

In the present matter, the Court shares the concerns identified by Judge Hurd, in what is undoubtedly an even weaker case than he was presented with. For instance, in the matter before Judge Hurd, the plaintiff was sent identical letters on March 26 and April 18, 2018, both alleging a debt of $70.00 owed to Crouse Hospital. *See id.* at *1. In his first cause of action, the plaintiff alleges that the letters violated 15 U.S.C. § 1692g because its collection letter was confusing from the perspective of the least sophisticated consumer. *See id.* The plaintiff claimed that "due to the language in both letters coupled with the lack of date of service and lack of itemization, he was unable to determine what the alleged debts represented." *See id.* He further alleged that he was unsure whether the letters concerned a single debt or multiple debts, that he was confused and uncertain as to what the letters represented, that he was unable to determine the amount of the debts, he was unable to identify the debts or the actual amount of the debt. *See id.* In his second cause of action, the plaintiff alleged that the letters violated 15 U.S.C. § 1692e, in that they were reasonably susceptible to have two or more meanings, one of which is inaccurate. *See id.* at *2. Finally, similar to the present action, the plaintiff in the case before Judge Hurd also brought suit on behalf of himself and all others similarly situated (which is ironic considering this action).

In the complaint in the present matter, Plaintiff fails to adequately allege a violation of 15 U.S.C. § 1692g. In fact, Plaintiff's complaint fails to set forth a single cause of action. Rather, in the "ALLEGATIONS" section of the complaint, Plaintiff simply alleges that the following line from the letter violates section 1692g(a)(5): "We will also provide you with the name and address of the original creditor if different from the current creditor." Plaintiff provides no explanation as to why this statement would confuse the least sophisticated consumer.

In a similar case, the plaintiff alleged, among other things, that the following line would confuse the least sophisticated consumer: "If you notify this office, in writing, and make the

request within the thirty (30) day period you will be provided with the name and address of the original creditor, **if not already provided**[.]" *Vitullo v. Mancini*, 684 F. Supp. 2d 747, 752, 757 (E.D. Va. 2010) (emphasis added). Rejecting the plaintiffs' arguments, the district court found that "this sentence on its face is neither incomprehensible nor does it obfuscate plaintiffs' rights to request such information." *Id.* at 757. In dismissing the plaintiffs' claim, the court noted that, in determining whether an initial communication violates the least sophisticated consumer standard, the communication must be examined as a whole document, "not sentence-by-sentence, because the least sophisticated consumer standard 'does not go so far as to provide solace to the willfully blind or non observant. Even the least sophisticated debtor is bound to read collection notices in their entirety.'" *Id.* at 756 (quoting *Campuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 298-99 (3d Cir. 2008)).

In the present matter, read as a whole, the May 8, 2018 initial communication would allow the least sophisticated consumer to understand that he or she was entitled to request the name of the original creditor, if not otherwise provided in the communication. As such, the Court finds that Plaintiff has failed to establish that she is entitled to judgment in her favor. Therefore, the Court directs Plaintiff to show cause, in fourteen days from the filing of this Memorandum-Decision and Order, why the Court should not *sua sponte* dismiss this action. *See Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1246-48 (11th Cir. 2015) (holding that when a complaint fails to state a plausible cause of action, the district court has the authority to deny a motion for default judgment, but must give the plaintiff an opportunity to respond before *sua sponte* dismissing the case); *Garrett v. Seymour*, 217 Fed. Appx. 835, 837 (10th Cir. 2007).

**C.** **Attorneys' Fees**

Although the Court has denied the motion for default judgment, a few issues remain that warrant brief discussion. As previously mentioned, Plaintiff's counsel filed a separate action under the FDCPA, for who is presumably Plaintiff's spouse, on the same day he filed the present matter. Plaintiff's counsel then filed motions for default judgment in both matters on January 9, 2019. In reviewing the motions, it is clear that they are identical in nearly every way, apart from the name listed in the caption. Further, much of the initial work overlapped substantially on each case.

What the Court finds troubling is in counsel's time records. For example, in both cases, counsel indicates that they spent 1.5 hours on July 23, 2018 performing the following task: "Received new client contact regarding an FDCPA matter; met with client and discussed law and possibility of them having a case." *Muldowney*, No. 5:18-cv-1057, Dkt. No. 12-5 at 6. Then, in both cases, albeit on separate listed dates, counsel indicates that it reviewed the letter from the debt collector, "researched in Westlaw/Pacer for prior decisions against defendant; reviewed all recent and relevant decisions on point; reviewed internally for other client with similar letters in our system; drafted complaint." Dkt. No. 12-5 at 6. Counsel indicates that these tasks, which were performed in Judge Hurd's case on August 23, 2018 and in the present matter on September 4, 2018, took exactly 4.5 hours in each case. *See id.* These cases involved the same parties and identically worded letters from Defendant. As such, the Court struggles to understand how counsel could possibly need to repeat the exact same tasks, for the exact same amount of time.[1]

Assuming that Plaintiff is capable of showing cause why this action should not be dismissed, counsel is now on notice that the Court, in its discretion, will likely decline to award

---

[1] The similarities in the billing, with slight changes in the dates in each case, continue throughout the applications.

attorneys' fees or award only nominal fees representing the time it took to change the name in the caption.  Undoubtedly, when counsel met with his clients, it would have been made immediately clear that these cases should have been filed as a single case, thereby substantially reducing costs and fees.  Although the Second Circuit has generally viewed the FDCPA's attorneys' fees provision as mandatory, Plaintiff's counsel has already been paid for its time prosecuting this case through the attorneys' fees awarded by Judge Hurd.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Plaintiff's Motion for Default Judgment is **DENIED**; and the Court further

**ORDERS** that Plaintiff shall show cause, within **FOURTEEN (14) DAYS** of the date of filing this Memorandum-Decision and Order, why this action should not be dismissed for failure to state a claim; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 11, 2019
    Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge