

100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530
T: 516-203-7600
F: 516-281-7601

July 25, 2019

Magistrate Judge Mae A. D'Agostino
United States District Court
Northern District of New York
100 S Clinton Street
Syracuse, New York 13261

      RE:    *Karen Muldowney v. Merit Recovery Systems, Inc.*
              Case No.: 5:18-cv-01061-MAD-ATB

Dear Judge D'Agostino:

      I am a member of the law firm of Barshay Sanders, PLLC, attorneys for Plaintiff Karen Muldowney ("Plaintiff"), and submit this letter response to the Court's Order, directing the undersigned to Show Cause as to why this case should not be dismissed following the denial of Plaintiff's motion for a default judgment. (Dkt. No. 15). Your Honor denied Plaintiff's motion for a default judgment on the grounds that the legal argument set forth therein was "of little assistance" to the Court. Your Honor also expressed a concern arising from the observation that a "nearly identical" action was filed on the same day against the same defendant (*Matthew Muldowney v. Merit Recovery Sys., Inc.*, No. 5:18-cv-1057-DNH-DEP (N.Y.N.D.). I will respond to these points *in seriatim.*

      As to the first point, the Complaint in this case alleges that Defendant violated the applicable provisions of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) (the "FDCPA") by failing to advise Plaintiff that a demand for the name and address of the original creditor must be made in writing. 15 U.S.C. § 1692g(a)(5). This precise issue was argued in *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336 (E.D.N.Y. 2002).

      In *Grief*, a debt collector sent a letter which failed to advise the recipient that a dispute made pursuant to § 1692(a)(4) or (5) must be made in writing. In defending the action, the debt collector argued that "its notice does not violate the FDCPA because by not requiring a writing, the notice allows the consumer to dispute the debt and obtain the identity of the original debtor by doing less than the statute requires." *Greif,* 217 F.Supp.2d at 340.

      Judge Spatt disagreed, finding that the FDCPA is a strict liability statute, and the debt collector violates the Act by failing to provide the information it requires. *Id.,* citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Critically, Judge Spatt found that only a dispute made in writing triggers the protections of § 1692g(b), which include that "the debt



collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or ... the name and address of the original creditor" and mails the same to the consumer." *Id.* (quoting 15 U.S.C. § 1692g(b)). Accordingly, Judge Spatt held that "[w]ithout a statement that these requests must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute ... she is completely unaware of them." *Id.* citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996); *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998); *see also Diaz v. Residential Credit Sols., Inc.*, 965 F. Supp. 2d 249, 258 (E.D.N.Y. 2013) (A collection letter must be crafted in such a way that the least sophisticated consumer would understand that (1) she could raise a dispute in many ways, but (2) she could get verification of the debt and the name and address of the original creditor only if she disputed it in writing); *In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Litig.*, 208 F.R.D. 493, 502 (S.D.N.Y. 2002); *Goldberg v. Winston & Morrone, P.C.*, No. 95 CIV. 9282 (LAK), 1997 WL 139526, at *6 (S.D.N.Y. Mar. 26, 1997).

The holdings in *Grief, Diaz, In re Risk Mgmt. Alternatives, Inc.,* and *Goldberg* are consistent with Second Circuit authority, which held that "[t]he right to dispute a debt is the most fundamental of those set forth in § 1692g(a)." *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013). Continuing, the Circuit stated:

> "the rights defined by §§ 1692h and 1692e(8) place less of a burden on debt collectors than the rights defined by § 1692g(a)(4), (a)(5) and (b). Sections 1692g(a)(4) and (a)(5) call for affirmative steps on the part of the debt collector, and § 1692g(b) requires the debt collector to "cease collection of the debt" unless it complies with several conditions that relate to verifying the debt or judgment in question. "Section 1692g(b) thus confers on consumers the ultimate power vis-à-vis debt collectors: the power to demand the cessation of all collection activities." *Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir.1998). It therefore makes sense to require debtor consumers to take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b). "

*Hooks*, 717 F.3d at 286. In light of the foregoing, I apologize to the Court if it found the moving brief to be less than fully developed on this point, but respectfully submit that the Complaint does state a claim for relief.

As to the second point, I understand and appreciate Your Honor seeking an understanding of the commencement of the Matthew Muldowney case on September 4, 2018, and this case two days later. Although the letters in the Matthew Muldowney case were printed on the same form as that in the case-at-bar, the claims are entirely disparate. In the Matthew Muldowney case, the plaintiff alleged that Defendant had sent him two letters, one dated March 26, 2018, and a second dated April 18, 2018. Both letters identified a debt allegedly owed by a "Debtor #," but did not provide a date of service, an itemization of the balance, or any other information sufficient to allow Matthew to discern if the two letters, sent within less than thirty days of each other, arose from a single obligation or different obligations.

...



In contrast, as was stated above, the case-at-bar is based on Defendant's failure to have properly conveyed Plaintiff her validation rights in a letter dated May 8, 2018. No similar claim was asserted in the Matthew case which rests on entirely different set of facts related to an entirely different plaintiff (other than the familiar relationship) and an entirely different theory of liability. Therefore, Plaintiff must respectfully disagree with the Court that actions are "identical is nearly every way apart from the captions" or that the work "overlapped substantially on each case" to the point of merely being a regurgitation between the two cases.

Under these circumstances, other than the overlap between Defendant and our office, which facially presents a logic to combining the claims, there was no legal basis for the inclusion of both party's claims in a single law suit. In fact, Plaintiff's counsel has been admonished by Chief Judge Dora Irizarry in the Eastern District of New York for having combined claims into a single lawsuit in the past under the theory that the combining of multiple plaintiffs into a single lawsuit was being done to avoid paying two filing fees. *See Dash v. Diversified Consultants,* (NYED Case No. 18-cv-00952-DLI-AYS) order dated July 6, 2018 (No Docket No.). However, because both Matthew and Karen Muldowney both initiated a relationship with our office at the same time, and, because there was no appearance by Defendant herein which would have triggered a deviation in trajectory of the two unrelated matter, our office's review and processing of the FDCPA claims were handled in a very similar fashion.

It is my sincere hope that the foregoing addressed the Court's concern regarding this matter. I apologize for any inconvenience our submission may have caused the Court.

                                                Respectfully submitted,

                                                s/ *Craig B. Sanders*
                                                Craig B. Sanders, Esq.